**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| HEALTHESTATE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-34C |
| v. | ) | (Judge Davis) |
| | ) | |
| THE UNITED STATES, | ) | Filed: October 7, 2021 |
| | ) | |
| Defendant, | ) | Reissued: October 27, 2021 |
| | ) | |
| and | ) | |
| | ) | |
| ASM RESEARCH LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

On August 3, 2021, Third-Party Defendant ASM Research LLC ("ASM") filed a Motion for Leave to File an Amended Answer pursuant to Rule 15(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), seeking to add an affirmative defense under 17 U.S.C § 117(a). Plaintiff HEALTHeSTATE, LLC ("HeS") opposes, arguing that the amendment would, among other things, be unduly prejudicial and futile. For the reasons discussed below, ASM's motion is **GRANTED**.

### I.   BACKGROUND

HeS filed this action in January 2018, asserting a copyright infringement claim related to the alleged unlicensed use of its software code by the Government and ASM. *See* Pl.'s Compl., ECF No. 1. It filed an Amended Complaint in March 2018. *See* ECF No. 6. After the Government unsuccessfully moved to dismiss the Amended Complaint, the Court granted the Government's motion to notify ASM of its interest in this action. *See* Order, ECF No. 27; Def.'s Unopposed Mot. for R. 14(b) Notice to ASM, ECF No. 28; Order, ECF No. 30. The Government served ASM

with a Rule 14 Notice in August 2019, and ASM filed its responsive pleading—a motion to dismiss the Amended Complaint—in October 2019. *See* Def.'s Return of Service of R. 14(b) Notice to ASM, ECF No. 33; Mot. to Dismiss Filed by ASM, ECF No. 37. The Court stayed discovery pending resolution of ASM's motion. Order at 4, ECF No. 43. On January 31, 2020, the Court denied that motion. Mem. Op. and Order at 2, ECF No. 51. ASM filed its Answer on February 14, 2020. *See* ECF No. 52. The Court continued the stay of discovery while Defendants jointly sought reconsideration of the order denying ASM's motion to dismiss and, thereafter, while ASM pursued an interlocutory appeal. Order at 1, ECF No. 60; Order, ECF No. 75. ASM's appeal was denied in September 2020, and the Court subsequently entered a discovery scheduling order in October 2020. Joint Status Report at 1, ECF No. 76; *see* Order, ECF No. 83. Per the scheduling order, fact discovery was set to close on June 21, 2021. ECF No. 83 at 1. On May 6, 2021, the Court granted HeS's and the Government's unopposed joint motion to extend fact discovery by an additional 16 weeks. Order at 1, ECF No. 105. The Court recently further extended that deadline, at HeS's request, to December 1, 2021. Order at 2, ECF No. 118.

On October 30, 2020, ASM served HeS with its first set of interrogatories. *See* ASM's Opposed Mot. for Leave to File Am. Answer at 7, ECF No. 106. Interrogatory No. 1 asked HeS, "[f]or each HeS Software, [to] [i]dentify and describe the HeS Software in detail," including information regarding specification, functionality, versions, differences, and whether the software is the "HeS baseline software" at issue in this case. Pl.'s Second Suppl. Objs. and Answers to ASM's First Set of Interrogs. to Pl. at 5, ECF No. 106-2. HeS's original response was essentially non-responsive. *See id.* Its first supplemental response, provided in January 2021, stated that the "Source Code produced to ASM on January 15, 2021 . . . is the baseline code," and it referred ASM to documents produced on a Google Drive. *Id.* After ASM moved to compel more specific

interrogatory responses, the Court directed the parties to meet and confer to resolve outstanding disputes. *See* ASM's Mot. to Compel, ECF No. 86; Order, ECF No. 94. As a result of those efforts, HeS provided a second supplemental response to Interrogatory No. 1 in April 2021, stating that "'HeS's underlying source code' . . . is HEALTHeSTATE EHR Release 5.2 Iteration 11." ECF No. 106-2 at 6. HeS further stated that "[a]ll software contemplated in this suit are either duplicates or derivative works of HEALTHeSTATE EHR Release 5.2 Iteration 11." *Id*. at 7.

On July 15, 2021, ASM notified HeS and the Government of its intent to amend its Answer to add an affirmative defense under 17 U.S.C. § 117(a).[1] *See* ECF No. 106 at 9. ASM's proposed affirmative defense would assert that the United States is the owner of a copy of the software code at issue, that it is entitled under § 117(a) to make or authorize the making of copies or adaptions of such copyrighted work, and that the allegedly infringing conduct at issue meets the requirements in § 117(a) such that there is no liability for ASM's alleged infringement. *Id*. at 5. The Government consented to ASM's amendment request, but HeS indicated its opposition. *Id*. at 9. ASM filed the instant motion to amend on August 3, 2021. *See id*. The motion is now fully briefed.

## II. DISCUSSION

Under RCFC 8, a defendant is obligated to set forth its affirmative defenses in its responsive pleading. *See* RCFC 8(c). RCFC 15 allows a defendant to amend its responsive pleading either by the written consent of the opposing party or by leave of the Court. *See* RCFC 15(a)(2). The Court should "liberally" exercise its discretion and grant leave to amend, absent a

---

[1] This provision states that "it is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program provided . . . that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner. . . ." 17 U.S.C. § 117(a).

showing of undue delay, bad faith or dilatory motive by the movant, repeated failures to cure

deficiencies by previous amendments, undue prejudice on the nonmovant by allowing the

amendment, or futility. *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403–04 (Fed. Cir.

1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see* RCFC 15(a)(2) ("The court should

freely give leave when justice so requires.").

ASM argues that its motion is timely, having been filed a little over three months after HeS

served its second supplemental responses specifically identifying the facts that give rise to the

instant motion. ECF No. 106 at 11. It further argues that granting the motion will not unduly

prejudice HeS, as discovery is still open and no dispositive motions have been filed. *Id.* at 10–11.

It also argues that no other reason—like bad faith or delay—warrants denying the motion. *Id.* at

13. HeS argues, on the contrary, that ASM's motion is untimely because ASM possessed sufficient

information to assess its defenses in January 2021—seven months before moving for leave to

amend. Pl.'s Opp'n to ASM's Mot. for Leave at 14–15, ECF No. 107. It contends that amendment

will cause undue prejudice because it will require HeS to conduct additional discovery. *Id.* at 17.

HeS also asserts that amendment is futile because the Government cannot reasonably claim

ownership over the source code or any copies. *Id.* at 20. Having considered the parties' arguments,

the Court finds that permitting ASM leave to amend its Answer is appropriate.

### A.    ASM's Motion Is Timely.

The Court first looks to the timeliness of ASM's proposed amendment. HeS argues that

ASM failed to act promptly because HeS's first supplemental response to ASM's Interrogatory

No. 1 informed ASM of the information relevant to the proposed amendment as early as January

15, 2021. ECF No. 107 at 14–15. ASM disputes this, arguing that April 14, 2021, is the relevant

date because that is when HeS identified in its second supplemental response that the software at

issue is Release 5.2 Iteration 11. ASM's Reply in Support of Mot. for Leave to File Am. Answer at 10, ECF No. 108; ECF No. 106 at 8. Regardless of which date the Court uses (either January or April 2021), the amendment request is timely.

Standard practice requires a party move to amend at the earliest opportunity or "as soon as the necessity for altering the pleading becomes apparent." *Hanover Ins. Co. v. United States*, 134 Fed. Cl. 51, 60 (2017) (internal quotation marks omitted) (quoting *Alta Wind I Owner-Lessor C v. United States*, 125 Fed. Cl. 8, 11 (2016)). Ultimately, timeliness is a fact-dependent inquiry requiring consideration of the current stage of litigation and how long the movant knew of the underlying facts. *See King v. United States*, 119 Fed. Cl. 51, 55–56 (2014) (denying a motion to amend where the Government was aware of the relevant facts in summer 2013, but did not move to amend until May 2014, after discovery was nearly completed and a schedule for summary judgment was already set).

Judges of the Court of Federal Claims have consistently allowed amendment within one year of discovering the factual basis for amendment. *See, e.g.*, *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 552–53 (2021); *LW Constr. of Charleston, LLC v. United States*, 139 Fed. Cl. 254 (2018) (allowing amendment nearly three years after the defendant filed its initial answer where discovery revealed evidence of a previously-suspected fraud claim); *Hanover Ins. Co.*, 134 Fed. Cl. at 61 (granting motion to amend brought seven months after the movant acquired the factual basis for amendment); *Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007) (finding a nine-month delay, standing alone, insufficient to deny amendment).

ASM filed its motion on August 3, 2021, less than four months after learning the specific software iteration at issue and with two months remaining before conclusion of fact discovery. ECF No. 106 at 11; *see* ECF No. 105 at 1. As discussed, this period falls well within what other

5

judges of this court have found permissible. *See, e.g.*, *Cooke*, 79 Fed. Cl. at 742. Even were the

Court to determine that in January 2021, ASM had knowledge sufficient to form the basis of the

amendment, this would not alter its conclusion. A seven-month period also falls within the

acceptable window for allowing amendment. *See id.*; *Square One Armoring*, 152 Fed. Cl. at 552

("[W]here new information is discovered during the course of discovery, courts routinely have

permitted amendments even where the moving party had previous general knowledge of the basis

of the proposed amendments."). Consequently, ASM's motion is timely.

## B.      The Proposed Amendment Will Not Unduly Prejudice HeS.

HeS argues that it will be prejudiced by an inability "to use all discovery procedures

available to it" because of ASM's alleged delay in bringing its motion. ECF No. 107 at 17. It

focuses specifically on the "extensive discovery" required to address the defense, *id.* at 18, the

limited remaining interrogatories at its disposal, and additional costs, *id.* at 17. ASM replies that

these complaints are mere inconveniences not rising to the level of undue prejudice. ECF No. 108

at 7. It contends that the need to take additional discovery does not constitute undue prejudice,

especially where the addition of the § 117(a) defense concerns copies of the same software

programs at issue in this litigation. *Id.* at 7, 8. As to HeS's inability to propound further

interrogatories, ASM states that, as of the date of ASM's reply, HeS had one more interrogatory

to propound on ASM and all 25 of its interrogatories for the Government. *Id.* at 8.

Generally, prejudice "take[s] the form of unfair surprise, a broadening or fundamental

change in the issues litigated, or the prompting of further discovery or a need for significant new

preparation." *Northrop Grumman Sys. Corp. v. United States*, 137 Fed. Cl. 677, 681 (2018) (citing

*Cencast Servs. L.P. v. United States*, 729 F.3d 1352, 1363 (Fed. Cir. 2013)). Thus, HeS must

demonstrate a "severe disadvantage or inability to present facts or evidence; the necessity of

conducting extensive research shortly before trial due to the introduction of new evidence or legal theories; or an excessive delay that is unduly burdensome." *Hanover Ins. Co.*, 134 Fed. Cl. at 61–62 (internal alterations omitted) (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (1994)); *see id.* at 62 ("The party invoking prejudice as a defense carries the burden of its demonstration.").

HeS has not met this burden.  At the time ASM notified HeS of its intent to move for leave to add a § 177(a) affirmative defense, there were approximately 12 weeks remaining for fact discovery.  *See* ECF No. 105 at 1; ECF No. 106 at 9 (citing July 15, 2021 Email from Greg Rubio at 2–3, ECF No. 106-3).  Since then, the Court has further extended the discovery deadlines in this case, at HeS's request.  ECF No. 118 at 2.  Currently, the proposed schedule places the close of fact discovery nearly two months from the date of this order, giving HeS sufficient time to conduct additional discovery.  *See id.*  HeS's contentions regarding its lack of available interrogatories and inability to "use every discovery avenue" are unavailing.  ECF No. 107 at 17.   The Court understands that depositions have been and are currently on-going.  HeS has both adequate time and means to pursue further discovery related to the proposed amendment.

Likewise, amendment will not lead to a broadening or fundamental change of the issues in this litigation.  The proposed amendment goes to the heart of this case: alleged infringement of HeS's source code by the Government and ASM.  *See* ECF No. 108 at 10.  Adding an alternative legal theory directly related to the software at issue, and related to facts already subjected to extensive discovery, does not strike the Court as unduly prejudicial.  *See Square One Armoring*, 152 Fed. Cl. at 550 (allowing amendment where the proposed counterclaim arose from the same contract serving as the basis of the plaintiff's third amended complaint); *Katzin v. United States*, 115 Fed. Cl. 618, 621 (2014) (rejecting undue prejudice argument where the non-moving party

had the opportunity to conduct additional discovery between the time of the filing of the motion to amend and the scheduled close of fact discovery).  HeS has not met its burden of showing undue prejudice.

### C.     The Proposed Amendment Is Not Futile.

HeS's futility argument focuses entirely on arguing the merits of ASM's proposed amendment.  *See* ECF No. 107 at 18–21.  When determining whether amendment is futile, however, courts generally avoid an extensive analysis of the merits.  *St. Paul Fire & Marine Ins. Co.*, 31 Fed. Cl. at 155.  When futility is a proposed basis for denying amendment, the Court must discern whether the pleading is frivolous, insufficient on its face, or seeks to add information that has already been adequately addressed in the prior answer.  *Alaska v. United States*, 15 Cl. Ct. 276, 280 (1988).  This analysis has been characterized as determining whether amendment is "facially meritless," *St. Paul Fire & Marine Ins. Co.*, 31 Fed. Cl. at 155, and centers on whether an affirmative defense is applicable to the cause of action or extra-jurisdictional, *Kudu Ltd. II, Inc. v. United States*, 153 Fed. Cl. 790, 797, 798 (2021) (citations omitted).

ASM has provided sufficient information to conclude that amendment is not facially meritless here.  *See St. Paul Fire & Marine Ins. Co.*, 31 Fed. Cl. at 155.  Ownership of the source code is foundational to this dispute and central to the proposed amendment.  *See Alaska*, 15 Cl. Ct. at 281.  Discussion of the Government's alleged ownership of copies of the software serves to clarify the dispute and is both useful to the Court and the parties and non-repetitious of the arguments contained in the original Answer.  *See id.*; ECF No. 52 at 8–10.  Moreover, HeS has not argued that this defense is beyond the Court's jurisdiction.  Thus, HeS's merits-based argument is insufficient to demonstrate futility.

**D.      There Is No Evidence That ASM Is Seeking Leave to Amend in Bad Faith or for the Purpose of Delay.**

HeS does not seriously contest that ASM brings its motion in good faith.  It disputes only the collateral issues of whether ASM acted promptly and without causing HeS prejudice.  ECF No. 107 at 21.  Instead, HeS states that "this factor [(bad faith)] neither weighs in favor of nor against" ASM's motion.  *Id.*  The Court disagrees.  Ample evidence supports ASM's argument that where "amendment will not delay or complicate the discovery schedule or resolution of the case," no basis for finding bad faith or dilatory motive exists.  ECF No. 106 at 13.  As ASM correctly argues, HeS has provided no argument or evidence contradicting ASM's contentions, and the Court can find none, especially where ASM is seeking to amend for the first time.  *See* ECF No. 108 at 17.  As such, this factor weighs in ASM's favor.  *See Hanover Ins. Co.*, 134 Fed. Cl. at 61.

### III.  CONCLUSION

For these reasons, ASM's Motion for Leave to Amend Answer is **GRANTED**.  ASM shall file its Amended Answer as a separate docket entry **by no later than October 12, 2021**.

This memorandum opinion and order will be unsealed in its entirety after October 21, 2021, unless the parties submit **by no later than October 18, 2021**, an objection specifically identifying the protected information subject to redaction.  Any objecting party must submit a proposed redacted version of the decision and provide the reason(s) supporting the party's request for redaction.

**SO ORDERED.**

Dated: October 7, 2021                                    */s/ Kathryn C. Davis*
                                                     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                                     KATHRYN C. DAVIS
                                                     Judge

9