## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ———————————————— )<br>HEALTHeSTATE, LLC, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>THE UNITED STATES, )<br> )<br>Defendant, )<br> )<br>and )<br> )<br>ASM RESEARCH, LLC, )<br> )<br>Third-Party Defendant. )<br>———————————————— ) | No. 18-cv-34C<br><br>Filed Under Seal: April 15, 2022<br><br>Reissued: May 5, 2022* |

### OPINION AND ORDER

Chronicling what it contends are knowing inaccuracies in Plaintiff HealtheState's applications for copyright registration, Third-Party Defendant ASM Research, LLC ("ASM") requests pursuant to 17 U.S.C. § 411(b)(2) that the Court seek the opinion of the Register of Copyrights ("Register") on whether it would have refused registration had it known of the inaccurate information. The Government separately filed a notice joining ASM's motion.

A spate of litigation has since ensued. The Government moved for leave to file a reply to address the judicial estoppel arguments raised in Plaintiff's opposition brief. Plaintiff later moved for leave to file attorney-client privileged communications *in camera* and to file a sur-reply to rebut arguments raised in ASM's briefing. These ancillary motions were opposed by Plaintiff and ASM, respectively. While the parties were briefing Plaintiff's motion, the Government submitted a Notice of Supplemental Authority advising the Court of the Supreme Court's recent decision in *Unicolors, Inc. v. H&M Hennes & Mauritz, LP*, 142 S. Ct. 941 (2022)—a case that featured prominently in Plaintiff's judicial estoppel claim. Plaintiff, of course, filed a response to the

Government's notice.  All in all, the parties have submitted 13 filings related to ASM's referral request, totaling 6,491 pages (including exhibits).[1]  Most of the information is not material to the narrow legal question presently before the Court: that is, whether the Court must refer the matter to the Register in light of the allegations that Plaintiff provided knowingly inaccurate information when registering the copyright at issue in this infringement action.

For the reasons that follow, the Court **GRANTS** ASM's Motion to Refer Questions to the Register of Copyrights and **DENIES AS MOOT** the ancillary motions filed by the Government and Plaintiff.

## BACKGROUND

At issue in ASM's motion are two sets of software source code registered by Plaintiff with the United States Copyright Office ("USCO"), titled HEALTHeSTATE and HeVEMR (also referred to as ROVR).  ASM's Mot. at 5, ECF No. 146.  Plaintiff submitted applications to register HEALTHeSTATE on February 28, 2018, and HeVEMR on March 1, 2018.  *Id.* at 8.  They were given registration numbers TX-8-498-425 ("'425 Registration") and TX-8-498-391 ("'391 Registration"), respectively.  *Id.* at 5, 8.  ASM's motion alleges that Plaintiff provided four types of knowingly inaccurate information on its applications for the '425 and '391 Registrations.

The first and second types of knowingly inaccurate information concern the date of publication of the software and its year of completion.  On its applications, Plaintiff indicated that the relevant software was published and completed in 2013 for the '425 Registration and 2006 for

---

[1] ASM also filed a Motion to Exclude Portions of the January 20, 2022, and February 11, 2022, Declarations of Barry R. Greene as Improper Expert Testimony.  *See* ECF No. 161.  That motion is related in part to evidence Plaintiff submitted with its opposition to ASM's referral motion but also concerns additional, unrelated evidence submitted in the course of the parties exchanging expert reports.  The Court need not address the substance of these declarations when determining whether ASM has met its burden to refer questions to the Register.  Accordingly, the Court will rule on that request separately.

the '391 Registration. *Id.* at 5. ASM, however, avers that Plaintiff admitted in sworn interrogatory responses that the only copyrighted software at issue in this litigation is "HEALTHeSTATE Version 5.2 Iteration 11 (2011)" and that the same was completed and published in 2011. *Id.* It argues that Plaintiff's contemporaneous internal reports and documentation, among other evidence, show that Plaintiff knew this software was completed and released in 2011 but chose to list different dates on its applications to the USCO in February and March 2018. ASM's Reply at 7, 10, ECF No. 151; *see* ECF No. 146 at 5–6.

The third type of knowingly inaccurate information involves Plaintiff's alleged failure to identify and disclaim previously published works of authorship on which the software at issue was allegedly based. ASM argues that Plaintiff's applications indicate that the software was not based on any pre-existing material; however, testimony and documents received in discovery show Plaintiff developed and published "numerous versions of its software to Government and commercial contractual counterparties well before 2011." ECF No. 146 at 6; *see id.* at 23–32. Among other things, ASM points to evidence that Plaintiff repeatedly touted the close relationship between HEALTHeSTATE and HEALTHeFORCES—an earlier Government software—"in promotional materials, plainly demonstrating [its] knowledge of the underlying work." ECF No. 151 at 15.

The final type of knowingly inaccurate information relates to the deposit copies that Plaintiff submitted to the Register, which allegedly did not correspond to the software that Plaintiff attempted to register. According to ASM, "[t]he deposit copies reflect software dated no earlier than ***2016***." ECF No. 146 at 6 (emphasis in original). Further, citing to analysis by its expert and testimony of Plaintiff's CEO (Barry Greene), ASM alleges that a comparison of the deposit copies and the 2011 source code indicates that the deposit copies had lines of code edited to remove

copyright references to third parties. *Id.* at 7; *see* ECF No. 151 at 17. Because Plaintiff made the alterations, ASM suggests that the deposit copies provided were knowingly inaccurate. *Id.*

According to ASM, because it has sufficiently alleged (and demonstrated) that Plaintiff knowingly provided inaccurate information in its registration applications, the Court must refer this matter to the Register pursuant to § 411(b)(2). It proposes the following questions on which the Court should seek the Register's opinion:

> 1. Would the Register of Copyrights have rejected the '425 Registration had it known any one or any combination of the following:
> > a. The claimed software was not first published on February 28, 2013;
> > b. The claimed software was not completed in 2013;
> > c. The claimed software is derived from undisclosed other works, including prior published versions of Plaintiff's own software; and
> > d. The source code submitted as the deposit copy included material added after February 28, 2013, and was altered to remove third-party copyright notices and insert notices attributing rights to Plaintiff.
>
> 2. Would the Register of Copyrights have rejected the '391 Registration had it known any one or any combination of the following:
> > a. The claimed software was not first published on January 1, 2006;
> > b. The claimed software was not completed in 2006;
> > c. The claimed software is derived from undisclosed other works, including prior published versions of Plaintiff's own software; and
> > d. The source code submitted as the deposit copy included material added after January 1, 2006, and was altered to remove third-party copyright notices and insert notices attributing rights to Plaintiff.

ECF No. 146 at 7–8.

In response, Plaintiff does not meaningfully dispute that some information in the '425 and '391 registration applications at issue in ASM's motion was, in fact, inaccurate. Instead, Plaintiff

posits that any such information was not "submitted as *knowingly* inaccurate." Pl.'s Resp. to

AMS's Mot. at 13, ECF 149 (emphasis in original). It submits a declaration by Mr. Greene, among

other evidence, to support its contention that any inaccuracies were attributable to either (1) a good

faith misunderstanding on Mr. Greene's part as to the information the applications sought, (2)

Plaintiff's inability to access critical facts about the source code due to ASM blocking it from the

development environment, (3) disputed questions of law at issue in this case, or (4) harmless errors

that occurred when converting the deposit copies to a .docx format. *See id.* at 13–14, 16–18, 21–

23. It also argues that ASM's motion is both untimely, as fact discovery has closed, and

ineffectual, given Plaintiff's ability to cure any inaccuracies. *Id.* at 24.

## DISCUSSION

The statute at issue is clear. As a prerequisite to bringing a copyright infringement suit, a

copyright holder must register its works. 17 U.S.C. § 411(a). A copyright registration certificate

provides sufficient grounds to bring an infringement action "regardless of whether the certificate

contains any inaccurate information, unless—(A) the inaccurate information was included on the

application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy

of the information, if known, would have caused the Register of Copyrights to refuse registration."

*Id.* § 411(b)(1). In a case where such inaccurate information "is alleged," a court "shall request

the [Register] to advise the court whether the inaccurate information, if known, would have caused

the [Register] to refuse registration." *Id.* § 411(b)(2). There is not ample case law discussing this

statutory referral procedure, but courts appear to be in consensus that § 411(b)(2) imposes a

mandatory obligation to refer questions if the statutory criteria are met. *See, e.g.*, *Palmer/Kane*

*LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) (collecting cases);

*Tecnoglass, LLC v. RC Home Showcase, Inc.*, No. 16-24328, 2018 WL 11353287, at *4 (S.D. Fla.

Sept. 18, 2018) ("[T]hat statute provides that a Court 'shall' make a referral upon an 'alleg[ation]' that 'inaccurate information' was included on an 'application for copyright registration with knowledge that it was inaccurate.'  The Court finds this language unambiguous and mandatory.").

The courts are divided, however, on the appropriate standard for determining whether the movant has sufficiently alleged knowing inaccuracies.  Some courts, emphasizing the purpose of § 411(b)(2) and concerns regarding the potential for its abuse, have required the movant to demonstrate that the information provided was knowingly inaccurate before it will refer questions to the Register, but this standard ignores the statutory language.  *See, e.g.*, *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) ("[C]ourts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality.").  If Congress intended the referral procedure to be used only where a party first proves the information was inaccurate and the copyright holder knew the information was inaccurate, it would have said so.  *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("The short answer is that Congress did not write the statute that way." (internal citation omitted)); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003) ("[W]here, as here, the words of the statute are unambiguous, the judicial inquiry is complete." (internal marks omitted)).

Rather, the statute expressly provides that a court's duty to refer questions to the Register is triggered when the movant *alleges* the type of inaccuracy described in § 411(b)(1).  17 U.S.C. § 411(b)(2).  The movant's burden to *prove* its factual allegations does not arise until the merits stage of the proceeding, where the court can more appropriately make the findings necessary to determine § 411(b)'s scienter requirement.  *See Tecnoglass*, 2018 WL 11353287, at *4 ("requiring a party to establish scienter prior to referral . . . would in many cases render section 411(b)(2)'s referral procedure meaningless" because "[s]cienter is a fact intensive determination, often

6

appropriately decided by a jury"); *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09–23494–CIV, 2010 WL 3505100, at *3 (S.D. Fla. Sept. 3, 2010) (rejecting argument that referral was "only triggered if Olem Shoe *proves* the two requirements in § 411(b)(1) (emphasis in original)); *see also Bruhn v. United States*, 144 Fed. Cl. 755, 784 (2019) (granting referral motion before trial and then making findings with respect to knowing inaccuracies based on the trial record).

That is not to say, however, that a bare, unsubstantiated allegation would be sufficient under the statute. Even courts that hew closely to the plain language interpretation of § 411(b)(2) review the movant's request to determine whether it has provided some basis for its allegation and presented a proper question for referral to the Register. *See, e.g.*, *Olem Shoe Corp.*, 2010 WL 3505100, at *3. Here, ASM meets that standard. The motion discusses and attaches various evidence on which its allegations are based. *See, e.g.*, ECF No. 146 at 17 (pointing to admissions and evidence that the software at issue in the '425 Registration was published in 2011 rather than on February 28, 2013); *id.* at 20 (arguing that the same evidence shows the software was completed in 2011 rather than 2013); *id.* at 21 (identifying evidence that alleged inaccurate publication and completion dates were known to Plaintiff at the time); *id.* at 23 (pointing to admissions by Plaintiff that the '425 Registration was for code that incorporated previous iterations of the software that were not disclosed); *id.* at 30 (identifying evidence that this alleged non-disclosure was knowingly made by Plaintiff); *id.* at 35 (pointing to evidence that shows Plaintiff allegedly altered lines of code containing copyright notices); *id.* at 39 (identifying evidence that the software at issue in the '391 Registration was not published in 2006); *id.* at 40 (indicating evidence that allegedly shows the '391 Registration completion date was knowingly mischaracterized by Plaintiff); *id.* at 41 (discussing evidence that Plaintiff knowingly failed to identify prior published versions of the software at issue in the '391 Registration); *id.* at 43 (pointing to evidence that Plaintiff allegedly

7

altered lines of code containing copyright notices).   ASM also cites case law supporting the conclusion that referral to the Register in circumstances involving these types of alleged inaccuracies is proper.  *Id.* at 20, 22, 33, 37–38.

Indeed, it is largely undisputed that the applications for the '425 and '391 Registrations contain some inaccuracies.  *See* ECF No. 151 at 7, 10, 12, 16.  The parties' primary dispute is whether ASM has sufficiently alleged that Mr. Greene, who prepared the applications, knew of the inaccuracies at the time he submitted the applications.  The Supreme Court in *Unicolors* recently clarified the standard for demonstrating "knowledge" of inaccurate information under § 411(b)(2). The Court held that "'knowledge' means actual, subjective awareness of both the facts and the law."  *Unicolors*, 142 S. Ct. at 947 (describing actual knowledge scienter requirement).  Thus, a copyright holder's providing inaccurate information based on a good faith mistake of law or fact does not satisfy the statutory criteria of § 411(b)(1).  *Id.*  The Court noted, however, that "courts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal requirements of copyright law."  *Id.* at 948.  Actual knowledge can also be proven through a finding of willful blindness or based on circumstantial evidence that the applicant was actually aware of the inaccuracy of the information.  *Id.*

Plaintiff, relying on Mr. Greene's declaration, states that no information in the applications was knowingly inaccurate.  ECF No. 149 at 24.  Mr. Greene avers that he "prepared and completed the registration with the most accurate information available to him at the time," acknowledging that he "is neither an expert in copyright law nor procedure."  *Id.* at 7.  For its part, Plaintiff also discusses and attaches other evidence that it contends refutes ASM's allegations to the contrary. *See, e.g.*, *id.* at 16, 17, 19.  As *Unicolors* recognized, Mr. Greene's declaration does not necessarily defeat ASM's allegations.  *Unicolors*, 142 S. Ct. at 948.  More importantly, the Court need not

resolve these factual disputes at this juncture because ASM is not required to *prove* knowing inaccuracies in order to show that referral to the Register is required under § 411(b)(2).  *See Tecnoglass*, 2018 WL 11353287, at *4.  Based on the evidence it presented, the Court finds that ASM has sufficiently alleged an inaccuracy described in § 411(b)(1) and that the proposed questions to the Register are proper.

In light of the evidence submitted in support of ASM's motion, the Court is not concerned that ASM is seeking referral to the Register in bad faith.  *See Schenck v. Orosz*, 105 F. Supp. 3d 812, 818 (M.D. Tenn. 2015) (expressing concerns that § 411(b)(2) "introduc[es] a mechanism by which infringers can throw up roadblocks to merited infringement lawsuits, simply by 'alleging' technical violations of the underlying copyright registrations").  Nor does the Court believe referral will delay the litigation or unduly prejudice Plaintiff.  ASM has not requested, and the Court is not ordering, a stay of the proceedings.  *See Palmer/Kane*, 188 F. Supp. 3d at 349 (holding that the statute does not "require courts to stay proceedings while a court's request for an advisory opinion is pending").  The Court also is not abdicating to the Register its duty to determine questions of law and fact, as Plaintiff is apparently concerned.[2]  Referral will simply allow the Register to provide the Court with her advisory opinion based on her expert knowledge of the USCO's registration policies and procedures.  To the extent this issue is relevant to the pending dispositive motions, the parties may request supplemental briefing to address the Register's response.

In granting ASM's motion, the Court reiterates that it is not making any final determinations as to whether the '425 and '391 Registrations contained inaccurate information or whether any inaccuracies were known to Plaintiff when it submitted its applications.  Especially

---

[2] Plaintiff argued that the question of whether the software at issue was derivative of earlier work "[u]ltimately . . . is a question of law for the Court that should not be determined by the USCO."  ECF No. 149 at 18.

in light of the *Unicolors* decision and Mr. Greene's averments, this will likely require a fact intensive determination on the merits.

### CONCLUSION

The Court therefore **GRANTS** ASM's Motion to Refer Questions to the Register of Copyrights (ECF No. 146).  The Court will refer ASM's questions to the Register by separate Order.  The Court **DENIES AS MOOT** the Government's Motion for Leave to File a Reply (ECF No. 152) and Plaintiff's Motion for Leave to File Documents for *In Camera* Review and to File a Sur-reply to ASM's Motion (ECF No. 153).  The Court further **ORDERS** Plaintiff to file a redacted version of its opposition brief (no exhibits) by no later than **April 29, 2022**.

This opinion and order will be unsealed in its entirety after April 29, 2022, unless the parties submit by no later than **April 25, 2022**, an objection specifically identifying the protected information subject to redaction.  Any objecting party must submit a proposed redacted version of the decision and provide the reason(s) supporting the party's request for redaction.

**SO ORDERED.**

Dated: April 15, 2022                    */s/ Kathryn C. Davis*
                                          KATHRYN C. DAVIS
                                          Judge