**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| HEALTHeSTATE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>and<br><br>ASM RESEARCH LLC,<br><br>Third-Party Defendant. | No. 18-cv-34C<br><br>Filed: August 27, 2026 |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On July 10, 2026, ASM Research LLC ("ASM") filed a Bill of Costs, asking the Clerk of Court to tax costs in favor of ASM and against the plaintiff in this matter, HealtheState, LLC ("HealtheState"). ECF No. 218. In total, ASM seeks $51,351.71 to cover its costs and fees. *See id.* ASM submitted a Memorandum of Law, ECF No. 218-1, and the Declaration of Ranganath T. Sudarshan, ECF No. 218-2, as support for its Bill of Costs.

HealtheState filed its Opposition to ASM's Bill of Costs on August 7, 2026, objecting that ASM is not automatically entitled to costs under Rule 54(d) of the Rules of the United States Court of Federal Claims ("RCFC") and that ASM's specific claimed expenses are unallowable under 28 U.S.C. § 1920, unreasonable, or lack itemized documentation. ECF No. 219 at 1. ASM filed its Reply in Support of its Bill of Costs on August 14, 2026. ECF No. 220.

Pursuant to RCFC 54(d)(1), costs "should be allowed to the prevailing party to the extent permitted by law." RCFC 54(d)(1). Federal law dictates that "a judgment for costs, as enumerated in section 1920 of [Title 28], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States[.]" 28 U.S.C. § 2412(a)(1). "The language of RCFC 54(d)—providing that costs should be allowed to the prevailing party—reflects the long-standing presumption in favor of awarding costs to prevailing litigants." *Colonial Chevrolet Co. v. United States*, 161 Fed. Cl. 132, 138 (2022) (internal quotation marks omitted) (quoting *First Fed. Sav. & Loan Ass'n v. United States*, 88 Fed. Cl. 572, 597 (2009)). Nonetheless, "[t]he decision whether to award costs ultimately lies within the sound discretion of the [trial] court." *Sonoma Apartment Assocs. v. United States*, 150 Fed. Cl. 226, 228 (2020) (second alteration in original) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013)).

HealtheState contends that "a third party's right to recover costs against a plaintiff is subject to the strict discretion of the Court and is typically disallowed unless the third party was directly adverse to the plaintiff's claims and the costs were uniquely necessary to its specific defense." ECF No. 219 at 1. HealtheState cites no law in support of this assertion, nor does it cite a single case in any court. Indeed, the Court finds no support for HealtheState's claim.

Though there are few cases discussing bills of cost submitted by a third-party defendant, courts have generally held that a third-party defendant may recover costs from the plaintiff if the third-party defendant "vigorously contested the plaintiff's claims." *Arena Holdings Charitable, LLC v. Harman Pro., Inc.*, No. 1:12-CV-031, 2014 WL 12836624, at *2 (D.N.D. July 8, 2014); *Am. State Bank v. Pace*, 124 F.R.D. 641, 650 (D. Neb. 1987) (noting that the third-party defendant "occupie[d] the same adversary position with respect to the plaintiff as [did] the defendant" and

was the prevailing party against the plaintiff because the third-party defendant "vigorously defended the actions of the defendant"); *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 65 F.3d 166 (4th Cir. 1995) (unpublished table decision) (finding no abuse of discretion where the trial court ordered the plaintiff to pay the costs of the third-party defendant).

Here, it is clear that ASM "vigorously contested" HealtheState's claims and is a prevailing party. *Contrast HEALTHeSTATE, LLC v. United States*, 168 Fed. Cl. 624, 635–36, 660 (2023) (detailing ASM's extensive involvement in the litigation of HealtheState's claims and ultimately granting ASM summary judgment), *aff'd*, No. 2024-1336, 2026 WL 787163 (Fed. Cir. Mar. 20, 2026), *with Perry H. Bacon Tr. v. Transition Partners, Ltd.*, No. 03-2310-JWL, 2004 WL 385480, at *1 (D. Kan. Feb. 27, 2004) (finding the third-party defendants did not "vigorously contest[]" the plaintiffs' claims against the defendant "such that they should be deemed prevailing parties against plaintiffs" where the defendant prevailed on summary judgment before the third-party defendants even filed dispositive motions); *see also* ECF No. 220 at 1–2 (arguing that HealtheState "does not (and cannot) dispute that ASM was directly adverse to [its] claims" because "[HealtheState's] own complaint alleged conduct by ASM that formed the basis of its claims, and the relief [HealtheState] sought would have directly affected ASM's contractual and intellectual property rights"). ASM successfully defended against HealtheState's breach of contract and copyright infringement claims both here, *HEALTHeSTATE*, 168 Fed. Cl. at 660, and at the U.S. Court of Appeals for the Federal Circuit, *HEALTHeSTATE*, 2026 WL 787163, at *1. Accordingly, ASM is a prevailing party in this matter, and its extensive opposition to HealtheState's suit indicates that it is not inequitable to award costs in favor of ASM and against HealtheState. *See Am. State Bank*, 124 F.R.D. at 650–51.

In accordance with the procedures set forth in RCFC 54(d)(1), the Court directs the Clerk of Court to review HealtheState's specific objections to ASM's claimed costs and determine the taxation or disallowance of costs based on the existing record. RCFC 54(d)(1)(C)(iii).

**SO ORDERED**.

Dated: August 27, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge